

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2008

# Kupczyk v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2876

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kupczyk v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1020.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1020

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2876
_____

MONIKA KUPCZYK;
PATRIK MARUSKA,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency Nos. A98-415-719 & A98-415-720)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2008

Before: RENDELL, GREENBERG and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>.

(Filed June 16, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Monika Kupczyk and Patrik Maruska petition for review of an order of the Board

of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") final order of

removal. For the reasons that follow, we will deny their petition.

Kupczyk, a native and citizen of Poland, entered the United States on July 22, 2000 as a non-immigrant visitor and overstayed her visa. On June 9, 2004, she filed an affirmative application for relief from removal, seeking asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), based on her status as a Jehovah's Witness. Her husband, Maruska, also a Jehovah's Witness, and a native of Czechoslovakia and citizen of the Slovak Republic, entered the country in February 1998 as a non-immigrant visitor, and sought relief as a derivative beneficiary of his wife's application.

Following a hearing on the merits, the IJ denied all relief save petitioners' request for voluntary departure, holding that Kupczyk's asylum application was time-barred and that they could not satisfy the standard for withholding of removal or CAT relief. The BIA adopted and affirmed the IJ's decision and dismissed the appeal, agreeing that Kupczyk had not timely filed her asylum application or demonstrated the existence of changed or extraordinary circumstances sufficient to excuse her delay, that she had failed to establish past persecution or a clear probability of future persecution in Poland, or in her husband's case, the Slovak Republic, and that they failed to show that they would more likely than not be tortured in Poland or the Slovak Republic. Through counsel, petitioners filed a petition for review. The Government opposes the petition.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. We review the BIA's factual findings for "substantial evidence." See Abdille v. Ashcroft,

2

242 F.3d 477, 483-84 (3d Cir. 2001).  Under this standard, we will uphold these findings unless the evidence not only supports a contrary conclusion, but compels it.  See id.

While we generally lack jurisdiction to review the determination that an asylum application was not filed within the one-year limitations period and that such period was not tolled by extraordinary circumstances, see Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003); 8 U.S.C. § 1158(a)(3), we have noted that, pursuant to the REAL ID Act of 2005, we retain jurisdiction over "'constitutional claims or questions of law raised upon a petition for review . . . .'" Jarbough v. Attorney General, 483 F.3d 184, 188 (3d Cir. 2007) (quoting 8 U.S.C. § 1252(a)(2)(D)).  However, because petitioners failed to challenge the IJ's determination that Kupczyk's asylum claim was time-barred in their petition for review, any such claim they might have had is deemed waived.  See Vente v. Gonzales, 415 F.3d 296, 299 n.3 (3d Cir. 2005).

To be entitled to withholding of removal to a specific country, an applicant must prove that it is more likely than not that her "life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3); Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003).  To satisfy this standard, the applicant must show she has suffered past persecution, or that she has a well-founded fear of future persecution.  See 8 C.F.R. § 208.16(b).  Persecution is defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom."  Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993).  For relief under the CAT, an applicant must demonstrate

3

that it is more likely than not that she would be tortured if removed to her country of origin.  See 8 C.F.R. § 208.16(c)(2).

Kupczyk bases her application for relief on three specific incidents which occurred in Poland, allegedly due to her status as a Jehovah's Witness.  First, she claims that on July 28, 1996, she was attacked by "a band of thugs" and suffered bruises and abrasions, as well as a broken nose, and had to spend three days in the hospital.  She then began receiving phone calls late at night which "threatened physical destruction," causing her to suffer a nervous breakdown on May 11, 1997, and to be re-hospitalized.  Then, on August 10, 1999, she was returning from prayer service when someone pushed her to the ground, breaking three of the fingers on her left hand, and again causing her to be hospitalized.  Kupczyk was unable to produce complete copies of the records from her stays in the hospital, nor did she procure a statement from her mother or anyone else familiar with the situation to corroborate her claims.  She claims that she reported these incidents to the police but was told that there was nothing they could do because she was living in a community "where Jehovah's Witnesses are treated like this."  She also stated that her family, all Jehovah's Witnesses, remain in Poland and continue to be the recipients of "shouting and howling," but she did not offer any specific examples of persecution of members of her family who remain in Poland.  Maruska testified that when knocking on doors as a Jehovah's Witness in the Slovak Republic, he was often chased away in a harassing and insulting manner.

With respect to their withholding of removal claims, we agree that the evidence

4

presented by petitioners, which the IJ determined was credible, nonetheless does not rise to the level of past persecution nor does it demonstrate a clear probability of future persecution. See Fatin, 12 F.3d at 1240 (holding that "the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional"). As the IJ noted, while there may be hostility towards Jehovah's Witnesses in Poland, there is no evidence in the record of a "pattern or practice" of persecution. See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (holding that, in order to demonstrate a pattern and practice of persecution against a particular group, petitioner must demonstrate that persecution is "systemic, pervasive, or organized" and is "committed by the government or forces the government is either 'unable or unwilling' to control"). Finally, the IJ concluded that petitioners failed to offer any evidence that they are likely to be detained, let alone tortured, should they be removed to Poland or the Slovak Republic. See Lukwago v. Ashcroft, 329 F.3d 157, 183 (3d Cir. 2003) (holding that petitioner must demonstrate it is more likely than not that he will be tortured upon his return).

As we cannot conclude that the evidence compels a contrary conclusion, we will deny the petition for review.

5